# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-11-00299-CV

**Jairus Pegues, Appellant**

**v.**

**Texas Workforce Commission; Mary Ann Crowley; Lisa Paige; Chris Oakley; Commissioner Tom Papuken; Commissioner Andres Alcantar; ADECCO USA, Inc.; Cicely Cade; Jennifer Andrews; City of Austin EEO/Fair Housing; Janice Yarbrough; PGW Auto Glass, LLC; et al., Appellees**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 419TH JUDICIAL DISTRICT NO. D-1-GN-09-003834, HONORABLE GISELA D. TRIANA-DOYAL, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

After the trial court signed a motion dismissing appellant Jairus Pegues's claims, Pegues filed his notice of appeal on April 28, 2011. In response to notices by this Court related to filing fees and the record, Pegues sent several letters, all of which asserted that because his appeal was filed under chapter 212 of the labor code, he was entitled by section 212.210 to appeal without paying fees or paying for the clerk's and reporter's records.[1] *See* Tex. Lab. Code Ann. § 212.210 (West 2006). He also stated that he was unemployed, could not afford to pay any fees, and was appealing "pro se *in forma pauperis*." He did not, however, file an affidavit of indigence, either in this Court or the trial court.

---

[1] Section 212.210 states, "An appeal bond is not required in an appeal from a decision of a trial court in an action under this subchapter." Tex. Lab. Code Ann. § 212.210 (West 2006).

On November 7, 2011, we sent Pegues a letter explaining that although section 212.210 provides that an appeal bond is not required, that provision was enacted in 1993, when an appeal bond was generally required to perfect an appeal, and that the bond requirement has since been eliminated from the rules of appellate procedure.[2] *See* Tex. R. App. P. 25, cmt. We explained that in our review of the labor code, the administrative code, and the rules, we found no provisions that allowed a party appealing under the Texas Unemployment Compensation Act to appeal without paying court fees or for the appellate record. We further explained that rule 20.1 of the rules of appellate procedure governs when a party may appeal without paying fees or for the record, noting that Pegues had not yet filed an affidavit of indigence under that rule. *See* Tex. R. App. P. 20.1. We told Pegues that for those reasons, we were overruling what we interpreted to be a motion for a free record.[3] In a separate letter on that same date, we informed Pegues that his brief was overdue and that we required a response no later than December 7, 2011.

On November 21, Pegues responded, taking issue with our characterization of his filing as a motion for a free record. Instead, Pegues insisted, he had filed a petition for writ of mandamus seeking to have the court reporter ordered to file the record without payment and a motion for default judgment seeking default judgment against several appellees for their alleged

---

[2] The requirement for an appeal bond was repealed in 1997. *See* Tex. R. App. P. 25 cmt. ("Comment on 1997 change: . . . In civil cases, the requirement of an appeal bond is repealed."); *see also* former Tex. R. App. P. 40 (civil appeal perfected "when the bond, cash deposit or affidavit in lieu thereof has been filed or made, or if affidavit is contested, when the contest is overruled"; when security is not required, appeal perfected by written notice of appeal).

[3] Pegues filed a "Plea for Writ of Mandamus for Transcripts of Hearings," asking that we order the court reporter to file the reporter's record without payment. We interpreted this document to be a motion for a free record on appeal.

collusion with the trial court and the court reporter to interfere with the consideration of his appeal.[4]

He insisted that he was entitled to have the trial court's orders vacated and to have default judgment entered in his favor. He also asserted that he was attempting to have the record filed but that the court reporter was wrongfully refusing to prepare the record and that, because the reporter's record had not been filed, his brief could not be considered overdue.[5]

On December 8, Pegues sent us his brief, and on December 9, we sent Pegues a letter informing him that we had received his brief but had not filed it because it was not timely and not accompanied by a motion for extension of time, *see* Tex. R. App. P. 10.1, 10.5, a filing fee, *see* Tex. R. App. P. 5, or a certificate of conference, *see* Tex. R. App. P. 10.1(a)(5), and because he had not filed the proper number of briefs, *see* Tex. R. App. P. 9.3(a). Pegues responded with a document titled, "Motion for Default Judgment Certificate of Conference," in which he set out a chronology of correspondence with this Court and the court reporter, asserted again that he was entitled to appeal without payment of fees or record costs, and stated that this Court had failed to take any action until he filed his motion for default judgment; the document did not include a certificate of conference. *See* Tex. R. App. P. 10.1(a)(5). He also filed a motion for extension of time to file his brief, making

---

[4] Pegues apparently assumes that an appellee's failure to respond to the filing of a motion for default judgment in an appellate court entitles him to relief. *See* Tex. R. Civ. P. 239 (if defendant fails to answer in trial court, plaintiff may take default judgment against defendant). However, contrary to Pegues's apparent belief, the rules of appellate procedure, which govern proceedings in this Court, do not provide for default relief, and the filing of a motion for default judgment in our Court, regardless of whether the appellee has filed anything in the appeal, does not entitle an appellant to relief.

[5] Pegues is mistaken that until a reporter's record is filed, an appellate court may not set a deadline for an appellant's brief. *See* Tex. R. App. P. 37.3(c) (if reporter's record is not filed due to appellant's fault, appellate court may, after giving notice and reasonable opportunity to cure, consider issues that do not require reporter's record).

3

assertions similar to those made in his motion for default judgment and again contending that the brief could not be considered overdue because the reporter's record had not been filed. The motion for extension of time lacked a certificate of conference as well, despite our specific caution in our December 9 letter that the motion for extension of time must be accompanied by a certificate of service. *See id.*

On January 3, 2012, Pegues filed a "Writ of Mandamus to File Appellant Jairus Pegues' Principal Brief for Appeal and Withdrawal of Motion to File Extension of Time to File Appellant Jairus Pegues's Principal Brief." Pegues stated that he had included with his notice of appeal an order from a federal court allowing him to proceed in that court as an indigent[6] and again insisted that he was entitled to proceed without payment of costs or fees under the labor code. He also asserted that we had no basis to demand a motion for extension of time to file his brief because the reporter's record had not been filed and, thus, his brief was not yet due.

On January 6, this Court sent Pegues a second letter, again explaining that the labor code, specifically section 212.210, did not mean that he was entitled to proceed as an indigent. We informed him that he had to comply with rule 20.1 of the rules of appellate procedure and noted again that he had not filed an affidavit of indigence, saying, "Without an affidavit on file, you are required to pay filing fees at the time you file documents. Until those fees are paid, or an affidavit is filed that fully complies with Texas Rule of Appellate Procedure 20, your documents will be

---

[6] No such document is attached to the notice of appeal filed in this Court or to the notice of appeal included in the clerk's record. Further, the fact that a federal court might have allowed him to proceed as an indigent has no bearing on his right to appeal without payment of costs in this Court. *See* Tex. R. App. P. 20.1 cmt. (noting that rule was revised to clarify that affidavit of indigence filed in trial court "is insufficient to establish indigence on appeal").

deemed received only, and not be filed." We also reiterated that, "regardless of the Labor Code's provision, all documents must be accompanied by a certificate of conference, as required by the rules of appellate procedure," and explained that "[n]on-complying documents will not be filed and will remain pending as 'received' only. The labor code's provisions do not exempt you from complying with the appellate rules." We concluded the letter by telling Pegues that the letter would be his final notice of what was required to file documents and proceed with his appeal, cautioning him that his failure to comply with the rules of appellate procedure "may result in the dismissal of your appeal."

Pegues has responded not by filing an affidavit of indigence or otherwise ensuring that his filings comply with the rules of appellate procedure, but by sending a document entitled a "Plea for Writ of Mandamus to Comply with Texas Labor Code Chapter 212, Section 212.210 and Texas Rule of Appellate Procedure 35.3 and File Documents Without Costs."[7] Despite our explanations to the contrary, he insists that section 212.210 allows him to proceed without payment of costs and states that "[l]aw takes precedence of Rules of Procedure." He asserts it is illegal for us to demand appeal bonds from him or to dismiss the appeal due to his failure to pay such bonds. We marked this document "received," but have not filed it, as we explained would be the case until Pegues established his indigence or paid appropriate filing fees.

Despite our repeated requests, citations to rule 20.1, explanations about the labor code and appeals bonds, and cautions about dismissal, Pegues has not arranged for the reporter's record

---

[7] Rule 35.3 provides that the trial court clerk and court reporter are responsible for filing the appellate record, *but only if* "the party responsible for paying for the preparation of [the record] has paid the [clerk's or reporter's] fee, has made satisfactory arrangements with the [clerk or reporter] to pay the fee, or is entitled to appeal without paying the fee." *See* Tex. R. App. P. 35.3(a)(2), (b)(3).

to be filed, paid his fees, or filed an affidavit of indigence, nor has he taken any of the steps available to him to ensure that his brief is filed.  We therefore dismiss the appeal both due to his failure to arrange for the proper filing of his brief, *see* Tex. R. App. P. 38.8(a)(1), and for his overall failure to comply with our notices and requests, *see* Tex. R. App. P. 42.3(b), (c); *see also Zamudio v. Zamudio*, No. 08-03-00139-CV, 2003 Tex. App. LEXIS 8772, at \*2-3 (Tex. App.—El Paso Oct. 9. 2003, pet. denied) (mem. op.) (dismissing appeal for want of prosecution when appellant did not establish indigence, trial court had already determined appellant had not established indigence, reporter's record and brief were not filed, and court had given notice and reasonable time to cure deficiencies); *Zuehlke v. Zuehlke*, No. 03-01-00557-CV, 2001 Tex. App. LEXIS 8065, at \*1 (Tex. App.—Austin Dec. 6, 2001, no writ) (not designated for publication) (dismissing appeal under rule 42.3 for failure to provide requested certificates of conference).

_____

David Puryear, Justice

Before Justices Puryear, Henson and Goodwin

Dismissed

Filed:  May 25, 2012

6